### REID v. BLANEY.

The remedy against the indorser of a writ in case of the avoidance of the principal, under *Stat.* 1784, *ch.* 28. [*Stat.* 1821, *ch.* 59, *sec.* 8.] is by *scire facias*, and not by action of debt.

Debt does not lie upon a conditional or collateral undertaking.

THIS was an action of *debt* against the defendant as indorser of an original writ sued out by one *Dickey* against the present plaintiff; in which suit judgment was rendered in favour of the then defendant for his costs. The declaration alleged the judgment, the due issuing of execution, and the officer's return thereon, shewing the avoidance of *Dickey*, and averred the liability of the defendant for the costs, as indorser of the original writ, pursuant to the statute. To this the defendant put in a general demurrer.

*Allen* and *Bellard*, in support of the demurrer.

The nature of the defendant's liability as indorser of the writ, is wholly conditional and collateral. On such an undertaking debt will not lie. 1 *Chitty Plead.* 93, 106. *Bishop v. Young*, 2 *Bos. & Pul.* 81.

Nor is the engagement under seal; and therefore debt will not lie upon it, for the same reason that it will not upon a statute-staple. 1 *Chitty Plead.* 104. *Shep. Touchst.* 353.

And it is not matter of record. The stipulation of the defendant is wholly *in pais*. His signature may have been placed on the writ without his consent, or it may be the handwriting of another person of the same name; and the genuineness of the signature is a fact which may well be put in issue to the jury. But no plea which is admissible to an action of debt on a record, would let him in to this proof. *Nil debet* would be a confession of the signature. 1 *Chitty Plead.* 475—6.

Reid *v.* Blaney.

Nor was the sum certain. The remedy under this statute in *Massachusetts* has always been sought by *scire facias.* *Ruggles v. Ives,* 6 *Mass.* 494. *Miller v. Washburn,* 11 *Mass.* 411.

*Orr* and *Reid, pro se.*

The *Stat.* 1784, *ch.* 28, gives a remedy against the indorser, in case of the avoidance of the principal, but does not prescribe the form of action. But in a case strictly analogous to this, viz. against the indorser of a writ of *audita querela*—the remedy is expressly given by an *action of debt,* by *Stat.* 1781, *ch.* 48. So far therefore as the intent of the legislature can be ascertained, the mode of remedy in the *Stat.* 1784, may be understood to be referred to that already existing in the like case under *Stat.* 1781.

But if the legislature has indicated no remedy, the common law will furnish one. *Smith v. Drew,* 5 *Mass.* 515. And the proper remedy is *debt,* because the money is reduced to a sum certain by the judgment, and it appears to be due by the evidence of a court of record. 2 *Bl. Com.* 464—5. The undertaking of the defendant is no otherwise collateral or contingent than is that of bail, against whom debt lies, as well as *scire facias.* The case may be compared with that of *Jeffrey v. The Bluehill turnpike corporation,* 10 *Mass.* 371, where the statute having made the defendants *liable* for all damages occasioned to any owner by laying the turnpike through his land, an action of debt was sustained for the amount awarded by the Sessions to the plaintiff, under the provisions of the act.

MELLEN C. J. delivered the opinion of the Court.

The only question raised by the demurrer is whether *debt* is the proper action.

It is admitted that in *Massachusetts* the action of debt is not used; but in all the reported cases the process was *scire facias.* No objection was made to that mode of proceeding; on the contrary the Court, in speaking of the *scire facias,* seem to consider it as the usual and proper process.

But there seems to be an objection, on principle, to an action of debt. The undertaking of an indorser of a writ is in its nature *conditional;* depending on the *avoidance* or *inability* of

the plaintiff; of which certain statute proof is required; and it is also a *collateral* undertaking by *one* man for the conditional payment of the debt of *another.* It seems to be settled that on such an undertaking or promise an action of debt will not lie. To this point see *Chitty on Pleading,* 94, 106.

The statute respecting the writ of *audita querela,* has provided that such writ must be indorsed; and that an action of debt may be brought against the indorser. This is a *special* provision in that particular case only.

We are therefore of opinion that this action cannot be maintained and there must be

*Judgment that the declaration is insufficient.*